Our File No.: 9044/SHV
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
*Attorneys for Defendant*
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Warren Rupp, Inc.<br><br>                                        Plaintiff,<br>         -against-<br><br>ECT Transport Ltd. d/b/a Seaquest Line,<br>Geologistics Americas Inc. a/k/a<br>Geologistics Ltd., and MOL (America) Inc.,<br><br>                                        Defendants. | Civil Action No.: **07 Civ. 6872**<br><br>**ANSWER TO COMPLAINT** |

Defendants, ECT TRANSPORT LTD. d/b/a SEAQUEST LINE and GEOLOGISTICS AMERICAS INC. a/k/a GEOLOGISTICS LTD. (hereinafter collectively referred to as "Defendants"), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, as and for its Answer to the Complaint alleges upon information and belief as follows.

1. Admit that this is an admiralty claim and that this Court has jurisdiction pursuant to 28 USC § 1333 and within the meaning of F.R.C.P. 9(h).

2. Deny knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph second of plaintiff's complaint.

3. Admit that ECT Transport Ltd., operating under FMC OTI license no. 010381, is a company organized under the laws of a foreign country and that it maintains an

office at 15-201 Rockaway Blvd., Jamaica, N.Y. 11434-2867 and 410 Commerce, Carlstadt, N.J. 07072-3017.

4. Admit that Geologistics maintains an office at 15-201 Rockaway Blvd., Jamaica, N.Y. 11434-2867 and 410 Commerce, Carlstadt, N.J. 07072-3017, except as so specifically admitted, Geologistics denies the remaining allegations set forth in paragraph fourth of plaintiff's complaint.

5. Denies knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph fifth of plaintiff's complaint.

6. Admit that on or about July 4, 2006, Seaquest Line issued B/L SEL0105045/002 for the shipment of seven (7) pallets of "Aluminum Die Casting Products" aboard the M/V HYUNDAI ADMIRAL from Busan, Korea to Mansfield, Ohio via Long Beach, California; except as so specifically admitted, defendants deny the remaining allegation in paragraph sixth of plaintiff's complaint.

7. Denies all the allegations set forth in paragraph seventh of plaintiff's complaint.

8. Denies all the allegations set forth in paragraph eighth of plaintiff's complaint.

9. Denies knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph ninth of plaintiff's complaint.

10. Denies knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph tenth of plaintiff's complaint.

11. Denies all the allegations set forth in paragraph eleventh of plaintiff's complaint.

**AFFIRMATIVE DEFENSES**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

12. That the shipment as described in Plaintiff's complaint is subject to all the terms, conditions and exceptions contained in the Seaquest bill of lading (no. SEL0105045/002) then there issued, by which the shippers and consignees of said bill of lading agree to be and are bound.

13. Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bill of lading.

14. Any shortage, loss and/or damage to the shipment in suit which defendants specifically deny was due to causes for which the defendants are not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Charter Act, and/or the provisions of the said bill of lading, and/or the General Maritime law and/or applicable foreign law.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

15. Due diligence was exercised on the part of the defendants to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

16. Defendants Geologistics and ECT Transports are agents for a disclosed principal, Seaquest Lines.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

17. The maximum liability of defendants if any, is $500 per package as agreed to in the provisions of the bill of lading and under the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. Section 1304 (5).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18. That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19. Plaintiff is not a real party in interest with regard to the shipment in suit.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

20. That if plaintiff's cargo suffered any loss or damage, which defendants deny, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants or the carrier, and the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q).

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

21. The claim alleged against Defendants is subject to a mandatory and exclusive foreign selection agreement and this action should be dismissed on the basis of lack of jurisdiction based on forum selection clause.

**WHEREFORE**, Defendants, ECT TRANSPORT LTD. d/b/a SEAQUEST LINE and GEOLOGISTICS AMERICAS INC. a/k/a GEOLOGISTICS LTD., pray that the

complaint be dismissed as against them together with costs and disbursements incurred in the defense of this case.

Dated: New York, New York
December 5, 2007

                                        CICHANOWICZ, CALLAN, KEANE,
                                        VENGROW & TEXTOR, LLP
                                        61 Broadway, Suite 3000
                                        New York, New York 10006

*Attorneys for Defendants,*
ECT Transport Ltd. d/b/a Seaquest Line and
Geologistics Americas Inc. a/k/a
Geologistics Ltd.

By:    S/ Stephen Vengrow
         Steven H. Vengrow (3479)

To:    Hill Rivkins & Hayden, LLP
       Attention: Andrew Brown
       *Attorneys for Plaintiff,* Warren Rupp, Inc.
       45 Broadway
       New York, New York 10006
       (212) 669-0600

## CERTIFICATE OF SERVICE BY ECF

The undersigned declares under penalty of perjury that the following is true and correct.

1. I am over the age of eighteen years and I am not a party to this action.

2. On December 5, 2007, I served the following by ECF a true and complete copy of ECT Transport Ltd. d/b/a Seaquest Line and Geologistics Americas Inc. a/k/a Geologistics Ltd. response to plaintiff's complaint to the following party at:

To: Hill Rivkins & Hayden, LLP
Attention: Andrew Brown
*Attorneys for Plaintiff,* Warren Rupp, Inc.
45 Broadway
New York, New York 10006
(212) 669-0600

DATED: New York, New York
December 5, 2007

                                                          s/ Jessica De Vivo
                                            Jessica A. De Vivo (JAD6588)